IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal Nos. **PJM 12-0508 & 12-0509** |
| **PERRY O. BRIGGS** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

The Court considers these two related appeals together. On September 5, 2012, before Magistrate Judge Thomas DiGirolamo, Appellant Perry Briggs pled guilty to driving on a suspended license (Case 12-1517M) and to violation of probation (Case 10-4002M). Magistrate Judge DiGirolamo sentenced Briggs to 14 days in each case, to be served concurrently. Briggs brings an appeal on the issue of whether these sentences were "procedurally reasonable."

Defense counsel has filed an *Anders* brief, stating counsel's belief that "the record presents no non-frivolous issues on appeal." Having been advised of his right to file a pro se supplemental brief, Briggs has not done so. That aside, the Court reviews the sentence for abuse of discretion. *See United States v. Lynn,* 592 F.3d 572, 581 (4th Cir. 2010).

The facts in this case are not in dispute. Briggs was pulled over by the United States Park Police on the Baltimore-Washington Parkway for using his vehicle's high beams. When the Park Police checked his identification, they learned that his privilege to drive had been suspended in both Maryland and New York. At sentencing, the Government requested 30 days of incarceration, pointing out that Briggs knew he was driving on a suspended license when, after he was pulled over, he handed the Park Police Officer a non-driver's ID card when his

identification was requested. Briggs explained at sentencing that with respect to the case in which he was serving probation, he had been driving with a license after a driver's improvement class, which he had thought lifted the suspension, and further, he said, as to the Parkway violation, he was only driving because his friend had become upset when the lights went out on the Parkway. According to Briggs, the lack of lights was the reason for his use of high beams. Briggs requested that any incarceration be served only on weekends, since he had a good job that he had kept for over 6 years that could be jeopardized by a period of incarceration.

The Magistrate Judge considered these facts and Brigg's history of driving on a suspended license, for which Briggs has appeared in court multiple times, then imposed a sentence of 14 days in each case, to be served concurrently, ordering that the time be served after April 1, 2013. The Magistrate Judge explained that by April 1, Briggs would have saved enough vacation time to use for serving the sentence. The Magistrate Judge expressed concern that serving a sentence only on the weekends would not adequately deter Briggs. Furthermore, the Magistrate Judge explained that having a job did not mean that Briggs could avoid incarceration.

As defense counsel's own brief states, the Magistrate Judge carefully considered the facts, including the offense, Briggs' history, and Briggs' personal characteristics—including his work—in fashioning a sentence. The Court finds no abuse of discretion and **AFFIRMS** the Magistrate Judge's judgment.

A separate Order will be entered.

                     /s/
                **PETER J. MESSITTE**
             **UNITED STATES DISTRICT JUDGE**

**January 17, 2013**